No. 04-269

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 114N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

JACOBUS A. ODYK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC 96-12270
The Honorable Edward P. McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Carol J. Everly, Attorney at Law, Missoula, Montana

    For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana; Fred Van Valkenburg,
Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  March 23, 2005

Decided:  May 5, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Jacobus A. Odyk appeals the District Court's revocation of his suspended sentence, and the imposition of a five-year sentence at Montana State Prison. We affirm.

¶3 On February 12, 1997, Odyk pled guilty to two counts of Issuing Bad Checks--Common Scheme, a Felony, as specified in § 45-6-316, MCA. The District Court ordered that the imposition of Odyk's sentence be deferred for three years, provided that he comply with the terms and conditions of probation as set forth in the Judgment.

¶4 Odyk's deferred imposition of sentence was eventually revoked by the District Court, and Odyk was sentenced to a five-year suspended sentence on each bad check count, to run concurrently, on March 22, 2000. On June 5, 2003, the State filed a Petition to Revoke Odyk's suspended sentence, based upon a Report of Violation submitted by his probation officer, who asserted Odyk had been arrested and convicted on two counts of Driving Under the Influence of Alcohol ("DUI"). Odyk also failed to maintain his employment and was further facing a third DUI charge and a Partner Assault charge.

¶5 On June 26, 2003, Odyk appeared with counsel and admitted he had been convicted of two DUI offenses. The disposition of his case was postponed until January 15, 2004, at which time Odyk's counsel asserted that the third DUI charge and the Partner Assault charge remained unresolved, but that the court might wish to proceed without taking the pending charges into account. The District Court did so. The court revoked Odyk's suspended sentences and sentenced him to the Montana State Prison for five years on each conviction, with all but two years suspended, the sentences to run concurrently.

¶6 Odyk appeals, arguing that his appointed counsel was ineffective during the revocation process, and that the District Court erred in its sentencing "under the totality of the circumstances."

¶7 Odyk argues that he was not effectively represented by counsel during the probation revocation proceedings, because his counsel did not communicate with him or allow him to make informed decisions or assist in his own defense. Odyk further claims, without citation to authority, that the District Court imposed the sentence based on unsupported assumptions, when it stated that Odyk is an alcoholic who poses a risk to the public.

¶8 The State responds that Odyk's claims of ineffective assistance of counsel are not record-based, and thus cannot be heard by this Court on direct appeal. The State further responds that the District Court's determination that Odyk was addicted to alcohol was reasonable in light of the ample evidence the District Court had before it.

3

¶9 We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶10 Where allegations of ineffective assistance of counsel cannot be documented from the record, the claimant must raise the claims in a petition for postconviction relief. *State v. Earl*, 2003 MT 158, ¶ 39, 316 Mont. 263, ¶ 39, 71 P.3d 1201, ¶ 39 (citation omitted). Odyk has not drawn our attention to any facts of record which support his contention that his counsel was ineffective. Thus, this matter is not properly before us on direct appeal.

¶11 Odyk cites no authority in support of his contention that the District Court based its sentence upon an assumption not supported by the record. We have repeatedly held that we will not consider unsupported issues or arguments, and that it is not the obligation of this Court to locate authorities for a party in support of issues taken on appeal. *State v. Flowers*, 2004 MT 37, ¶ 44, 320 Mont. 49, ¶ 44, 86 P.3d 3, ¶ 44 (citations omitted). Thus, we decline to consider this argument on appeal.

¶12 On the face of the briefs and the record on appeal, it is manifest that the appeal is without merit as the issues are clearly controlled by settled Montana law. Therefore, we affirm the judgment of the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART